(93 Misc. Rep. 470)

### HARRIS v. PUDNEY.

(Chenango County Court. January, 1916.)

Costs ⬥157—Items—"Trial."

    Where defendant announced ready on the call of the calendar, but plaintiff stated that he would discontinue and pay costs, there was no "trial," and defendant is not entitled to tax a trial fee in his bill of costs.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613–617; Dec. Dig. ⬥157.

    For other definitions, see Words and Phrases, First and Second Series, Trial.]

Action by Thomas B. Harris against Loren A. Pudney. Heard on motion for taxation of costs, pursuant to Code Civ. Proc. § 3265. Order entered.

E. H. O'Connor, of Sherburne, for plaintiff.

Fuller & Truesdell, of Sherburne, for defendant.

HILL, J. This is a motion for taxation of costs, pursuant to section 3265 of the Code of Civil Procedure. The disputed item is a trial fee claimed by defendant. The case was No. 5 on the calendar of the December, 1915, term of this court. There were only six civil cases in all on the calendar. The facts as to the transaction at the term, as shown by the clerk's minutes, the court's minutes, and the affidavits, are that when No. 1 was called the attorney for the defendant stated there would be no appearance on behalf of the defendant, and that plaintiff could put in his proof at any time, which in fact was done the following afternoon. No. 2 was reserved, as it was stated

that a settlement was pending; the same was stated in regard to Nos. 3 and 4. No. 5, the case in question, was then called, the same was announced ready by the defendant, and the plaintiff then stated he would discontinue the case and pay costs. No. 6, which was an equity case, was then called, and each party stated they would be ready when reached. In such case the judge presiding stated he was disqualified, having been attorney for one of the parties before going upon the bench. Immediately thereafter it was stated, in reference to No. 3, that a default would be taken. A jury was impaneled to try a criminal case. The court then heard the proof for the default in No. 3. Court then took a recess until after the lunch hour, when the trial of the criminal case was continued. The question is, upon the above state of facts, whether case No. 5 had progressed to that point where defendant was entitled to a trial fee.

Trial is defined as the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause for the purpose of determining such issue; the final examination and decision of matter of law as well as facts, for which every antecedent step is preparation. The statute governing the controversy herein is as follows: "For the trial of an issue of fact, * * * thirty dollars." The nearest approach to a trial herein was that defendant stated "that he was ready for trial," and the plaintiff, in substance, stated that he did not wish to try such case, and that he would discontinue same and pay costs. I do not believe that the above amounts to a trial. The decisions of the General Term seem to warrant the conclusion that there was no trial in this case, so no trial fee should be taxed. Lockwood v. Salmon River Paper Co., 20 N. Y. Supp. 974;[1] Studwell v. Baxter, 33 Hun, 331; Sutphen v. Lash, 10 Hun, 120; National Bank of Syracuse v. McKinstry, 2 Hun, 443.

Ordered accordingly.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 627.